IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

      Respondent,                                 No. CR S-98-489 KJM

      vs.

SALVADOR MADRIGAL-MADRIGAL,

      Movant.                                   <u>ORDER</u>

_____/

        Movant, a federal prisoner proceeding pro se, has filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.[1] The court must screen such motions to determine whether the movant is entitled to relief and may dismiss the motion if it concludes relief is not available. <u>See</u> Rule 4, Rules Governing Section 2255 Proceedings.

        Movant alleges that because he is an illegal alien, he is not entitled to a one year reduction in his sentence for participation in a drug treatment program and not eligible for early release to a half-way house under 18 U.S.C. § 3583(d).

        Because the claims challenge the execution rather than the imposition of movant's sentence, it appears they should be brought as a petition for a writ of habeas corpus under 28

---

[1] The motion remained pending when this case was reassigned to the undersigned on January 21, 2011.

1

U.S.C. § 2241 and so must be brought in the district of petitioner's incarceration. *Harrison v. Ollison*, 519 F.3d 952, 956 (9th Cir. 2008) (petitioner challenging execution of sentence must be brought in custodial court); *Jimenez v. United States*, 2007 WL 2948673, at *1 (S.D. Ohio Oct. 9, 2007) (equal protection challenges by alien to ineligibility for drug treatment and halfway house placement must be brought in district of confinement).  To the extent, however, that movant is seeking a sentence reduction because of the ineligibility he alleges, the challenge is without merit: courts have upheld these exclusions, finding it rational that the Bureau of Prisons reserves its rehabilitative programs for inmates who will be released back into the United States rather than deported. *See United States v. Leyva Perea*, 2010 WL 2179729, at *1 (S.D. Cal. May 27, 2010) (alien's ineligibility to participate in drug treatment did not violate due process); *Lizarraga-Lopez v. United States*, 89 F.Supp. 2d 1166, 1169-70 (S.D. Cal. 2000) (alien's ineligibility for community confinement did not violate equal protection).

      IT IS THEREFORE ORDERED that movant's "motion for time reduction" is denied.

DATED:  March 26, 2012.

_____
UNITED STATES DISTRICT JUDGE